UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>HOMEOWNER ASSOCIATION SERVICES, INC., *et al*.,<br><br>　　　　　　　　Defendants. | Case No. 2:17-cv-00376-JCM-GWF<br><br>ORDER |

Presently before the court is the matter of *Bank of New York Mellon v. Homeowner Association Services, Inc. et al.*, case number 2:17-cv-00376-JCM-GWF.

On February 7, 2017, plaintiff Bank of New York Mellon ("BNYM") initiated this action, asserting four causes of action: (1) quiet title; (2) breach of NRS 116.1113; (3) wrongful foreclosure; and (4) deceptive trade practices. (ECF No. 1).

On March 6, 2017, defendant Starfire Estates VI Owners Association ("Starfire") filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 8). On March 13, 2017, defendant Saticoy Bay LLC Series 2708 Stargate ("Saticoy Bay") filed a motion to dismiss in light of a parallel state court proceeding. (ECF No. 10). On July 3, 2017, the court granted the motions to dismiss. (ECF No. 19).

On August 2, 2017, BNYM appealed to the Ninth Circuit. (ECF No. 22). On April 3, 2019, the Ninth Circuit vacated and remanded, ordering the court to commence proceedings consistent with *Bank of America, N.A. v. Arlington West Twilight Homeowners Association*, No. 17-15796, 2019 WL 1461317 (9th Cir. April 3, 2019) ("*Arlington*"). (ECF No. 25).

The holding in *Arlington* addresses the constitutionality of NRS 116.3116 *et seq*.

("Chapter 116") and the standard for valid tender under the statute. *See Arlington*, 2019 WL1461317 at *2–3. Because BNYM's complaint does not contain any allegations with regards to tender and the July 3, 2017, order does not discuss the constitutionality of Chapter 116, the court does not find that *Arlington* alters the court's holding in any way.

Nevertheless, the court will afford the litigants an opportunity to represent their interests before the court refiles its order, re-enters judgement, and closes the case.

Accordingly

IT IS HEREBY ORDERED that plaintiff shall have fourteen (14) days from the date of this order to file a motion detailing how *Arlington* changes the ultimate disposition in this case. Thereafter, defendants shall have fourteen (14) days to file a response and plaintiff shall have seven (7) days to file a reply.

DATED THIS 15th day of April 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE