UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:17-CV-376 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| HOMEOWNER ASSOCIATION SERVICES, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of New York Mellon's ("BNYM") "motion pursuant to order dated April 15, 2019." (ECF No. 29). Defendant Starfire Estates VI Owners Association ("Starfire") and defendant Saticoy Bay LLC ("Saticoy Bay") (collectively "defendants") filed separate responses (ECF Nos. 32 and 33, respectively), to which BNYM replied (ECF No. 34).

On February 7, 2017, plaintiff initiated the present lawsuit against Homeowner Association Services, Inc., Starfire, and Saticoy Bay regarding a real property dispute located at 2708 Stargate Street, Las Vegas, Nevada 89108. (ECF No. 1). Starfire and Saticoy Bay both moved to dismiss BNYM's complaint, and on July 3, 2017, the case was dismissed. (ECF No. 19).

BNYM appealed to the Ninth Circuit. (ECF No. 22). The Ninth Circuit vacated this court's order of dismissal and remanded this case in light of *Bank of America, N.A. v. Arlington West Twilight Homeowners Association* ("*Arlington*") 920 F. 3d 620 (9th Cir. 2019). (ECF No. 25).

**James C. Mahan**
**U.S. District Judge**

In *Arlington*, the Ninth Circuit held that "an HOA must give notice to all junior interest holders regardless of any request." *Id.* at 624. Furthermore, the court decided "that NRS § 116.3116 *et seq.* is not facially unconstitutional on the basis of an impermissible opt-in notice scheme." *Id.*

Even though BNYM asserts several arguments in response to the Ninth Circuit's remand, the crux of the issue is whether, pursuant to *Arlington*, the constitutionality of NRS § 116.3116 *et seq.*, as well as the standard for valid tender under the statute, alter this court's order dismissing BNYM's complaint.

The court's July 3, 2017, order does not address the constitutionality of NRS § 116.3116. (ECF No. 19). In that order, claims (2) through (4) of BNYM's complaint were dismissed without prejudice. *Id.* at 3. First, claims (2) and (3) were dismissed because BNYM failed to mediate pursuant to NRS § 38.310, neither of which are affected by the Court's holding in *Arlington*. *Id.* at 4. Claim (4) was also dismissed without prejudice because injunctive relief is not a stand-alone claim. *Id.* Again, this decision is not impacted by the court's ruling in *Arlington*.

BNYM previously argued that the notices it received were deficient. *Id.* at 7. This argument is unavailing in the wake of *Arlington*. Now on remand, BNYM claims that it did not receive notice. (ECF No. 29 at 4). More specifically, BNYM claims to "not have record of receipt of either the operative May 28, 2014, notice of default or February 2, 2015, notice of sale." *Id.* For this reason, BNYM contends that the sale must be set aside. *Id.*

However, defendants provide ample evidence showing that the required notice was served upon BNYM. Starfire's exhibits clearly demonstrate that the notice of default was mailed to BNYM on June 3, 2014. (ECF No. 32 at 5). Furthermore, Starfire shows notice of receipt of

- 2 -

James C. Mahan
U.S. District Judge

such document by BNYM on June 6, 2014. (ECF Nos. 32 at 5; 32-1). Additionally, "the operative notice of sale was mailed to BNYM [on January 28, 2015,] and was delivered on February 2, 2015." (ECF Nos. 32 at 5; 32-2). Saticoy Bay also referenced these notices in its own response. (ECF No. 33 at 2). Because BNYM was indeed given notice, the court holds that this case should be dismissed. Furthermore, BNYM's other claims do not address the Ninth Circuit's decision in *Arlington* and, therefore, does not affect this court's prior analysis.

The court denies BNYM's motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BNYM's motion pursuant to order dated April 15, 2019, (ECF No. 29) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the court's July 3, 2017, order (ECF No. 19) granting Starfire's motion to dismiss (ECF No. 8) and Saticoy Bay's motion to dismiss (ECF No. 10) be, and the same hereby is, REENTERED. BNYM's complaint (ECF No. 1) is hereby DISMISSED WITHOUT PREJUDICE.

DATED February 28, 2020.

_____
UNITED STATES DISTRICT JUDGE